UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LACE & DAY, INC., <br><br>               Plaintiff, <br><br> v. <br><br> LACE AND LEISURE LLC, <br><br>               Defendants. | Case No. <br><br> **COMPLAINT** |

Plaintiff Lace & Day, Inc. ("Lace & Day"), by its undersigned counsel, for its Complaint against Defendant Lace and Leisure LLC ("Lace & Leisure"), alleges as follows:

## INTRODUCTION

1. This is an action for unfair competition under the federal Lanham Act and New York law and for dilution under New York law. The claims arise from the intentional, wrongful, and improper infringement by Lace & Leisure of Lace & Day's Lace & Day trademark (the LACE & DAY Mark").

2. The LACE & DAY Mark is used to identify Lace & Day's high-end undergarment, sleepwear and swimwear boutique located in a historic building on Franklin Street in downtown Buffalo. The LACE & DAY Mark evokes the transition of a woman's wardrobe from day to evening, creating a single and distinct commercial impression. Through Lace & Day's continuous and widespread use and promotion of the LACE & DAY Mark, the mark has become synonymous in Western New York with the area's premiere undergarment, sleepwear and swimwear boutique.

3. Lace & Leisure is using its designation to identify a store in a former bowling alley that sells women's underwear and sweatclothes. By using a designation that relies on the

14783859.22

word "lace" to mimic the LACE & DAY Mark, Lace & Leisure is causing likely consumer confusion, thereby damaging Lace & Day's business and causing it irreparable harm.

4. Lace & Day has already experienced actual consumer confusion between Lace & Day's boutique and the store Lace & Leisure is opening in the former bowling alley. Unless Lace & Leisure's conduct is enjoined, actual consumer confusion is likely to continue, further compounding the irreparable injury to Lace & Day's business.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act (15 U.S.C. § 1121) and 28 U.S.C. § 1331, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides here and a substantial part of the events giving rise to these claims occurred within this judicial district.

## PARTIES

7. Lace & Day is a New York corporation with a principal place of business at 445 Franklin Street, Buffalo, New York.

8. Upon information and belief, Lace & Leisure is a New York limited liability company with a principal office in Arizona and a place of business at 4246 N. Buffalo Road, Orchard Park, New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Lace & Day is a Buffalo based, independently owned boutique specializing in the highest quality women's undergarments, sleepwear, swimwear and accessories. Since 2015, Lace & Day has prominently displayed its signage and logo on the historic Franklin Street building that houses its bricks and mortar store. Photos of the store and signage are attached as

Exhibit A.  Lace & Day estimates that it has served more than 3,000 customers at its Franklin Street boutique.  In addition, Lace & Day promotes its business through its "laceandday.com" website.  Representative pages from the website are attached hereto as Exhibit B.  The site has been accessed by more than 18,000 discrete visitors through 62,000 page views.

10. Lace & Day has spent well in excess of $100,000 to advertise its brand in Western New York.  Lace & Day has advertised its business in print and broadcast media featuring the LACE & DAY Mark. Examples of print advertising featuring the LACE & DAY Mark are attached hereto as Exhibit C.

11. Lace & Day has received extensive attention from the local and national press, including articles appearing in Buffalo Magazine, Buffalo Rising, The Daily Public and The Best of Intima.  Representative articles are attached hereto as Exhibit D.

12. The LACE & DAY Mark is the subject of United States Trademark Application No. 87724367 for retail apparel stores and retail store services featuring bra fitting, undergarments, sleepwear, swimwear and accessories.

13. Due to Lace & Day's marketing and promotional efforts, in-store and extensive press coverage, among other activities, the LACE & DAY Mark has become synonymous with the company's high quality boutique and retail services.

14. Upon information and belief, Lace & Leisure is an Arizona limited liability company operated by Ms. Varinia Boyd, an Arizona resident who recently moved to Western New York.  Lace & Leisure is apparently attempting to sell women's underwear and sweatclothes from a former bowling alley in Orchard Park.  Lace & Leisure has placed prominent signage on the former bowling alley to promote its purported retail location and has put a sign in its window to promote a planned opening and to attract prospective employees.

14783859.2

15. The two businesses are less than 20 miles apart. Thousands of people in the area commute between Orchard Park and Buffalo every day. In addition, many Lace & Day customers travel from the suburbs to Buffalo for high-end boutique shopping. Customers traveling between the city and suburbs may encounter both businesses in a single trip, thereby increasing the likelihood of consumer confusion.

16. Lace & Leisure's designation is also likely to confuse customers conducting internet searches. For example, the Google search "lace and leisure orchard park" returns the Lace & Day website as the third result. The Lace & Leisure site does not appear as a search result at all. A copy of the first page of Google search results is attached hereto as Exhibit E.

17. Lace & Leisure is trading on the goodwill symbolized by the LACE & DAY Mark by purporting to open a store selling goods that are closely related to the goods offered by Lace & Day.

18. Lace & Leisure's use of its purported designation is likely to cause confusion among consumers and potential business partners as to the source of the genuine high-end boutique and services bearing the LACE & DAY Mark and related retail services offered by Lace & Leisure from the former bowling alley. The irreparable harm to Lace & Day caused by Lace & Leisure's conduct will be compounded if the infringement is not permanently enjoined.

**FIRST CAUSE OF ACTION**
**(Lanham Act Unfair Competition)**

19. Lace & Day repeats the allegations in the preceding paragraphs as if fully set forth herein.

20. Through its extensive marketing and promotion efforts, and by providing the highest quality service to customers throughout Western New York, Lace & Day has established

distinctiveness and secondary meaning in the LACE & DAY Mark and has established substantial goodwill in the mark belonging exclusively to Lace & Day.

21. Lace & Leisure has violated 15 U.S.C. § 1125(a) by promoting a purported retail outlet bearing the infringing "Lace & Leisure" designation in a manner that is likely to create a false association in the minds of consumers between the genuine boutique and services bearing the LACE & DAY Mark and Lace & Leisure's purported retail location.

22. Lace & Leisure's violation of 15 U.S.C. § 1125(a) has been deliberate and willful, making this an exceptional case within the meaning of 15 U.S.C. §§ 1117(a), (b).

23. Upon information and belief, by its acts, Lace & Leisure has made and/or will make substantial profits and gains to which it is not entitled in law or equity.

24. Lace & Leisure's acts have damaged and will continue to damage Lace & Day, and Lace & Day has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (New York Common Law Unfair Competition)

25. Lace & Day repeats the allegations in the preceding paragraphs as if fully set forth herein.

26. Lace & Day owns all right, title, and interest in and to the LACE & DAY Mark as set forth above, including all common law rights.

27. The foregoing acts of Lace & Leisure are intended and are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Lace & Leisure's business and services, and are intended and are likely to cause such parties to believe in error that Lace & Leisure's business and services have been authorized, sponsored, approved, endorsed, or licensed by Lace & Day, or that Lace & Leisure is in some way affiliated with Lace & Day.

28. The foregoing acts of Lace & Leisure constitute unfair competition in violation of the common law of the State of New York.

29. Upon information and belief, Lace & Leisure by its acts has made and/or will make substantial profits and gains to which it is not entitled, whether in law or equity.

30. Upon information and belief, Lace & Leisure intends to continue its willful infringement unless restrained by this Court.

31. Lace & Leisure's acts have damaged and will continue to damage Lace & Day, for which Lace & Day has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (New York Dilution – GBL § 360-l)

32. Lace & Day repeats the allegations in the preceding paragraphs as if fully set forth herein.

33. Through prominent, long and continuous use in commerce, including commerce within the State of New York, the LACE & DAY Mark has become and continues to be distinctive.

34. By the acts described herein, Lace & Leisure has diluted the distinctiveness of the LACE & DAY Mark and has caused a likelihood of harm to Lace & Day in violation of the New York General Business Law § 360-l.

35. Upon information and belief, Lace & Leisure by its acts has made and/or will make substantial profits and gains to which it is not entitled, whether in law or equity.

36. Upon information and belief, Lace & Leisure intends to continue its willful infringement unless restrained by this Court.

37. Lace & Leisure's acts have damaged and will continue to damage Lace & Day, for which Lace & Day has no adequate remedy at law.

## JURY DEMAND

38.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lace & Day hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lace & Day respectfully demands judgment (1) awarding Lace & Day damages against Lace & Leisure in an amount to be determined at trial; (2) enjoining and restraining Lace & Leisure from further acts of infringement; and (3) awarding Lace & Day such other relief and equitable remedies as to this Court appear just and proper.

Dated:      Buffalo, New York
            February 15, 2018

BARCLAY DAMON LLP

/s/ Charles von Simson
_____
Charles von Simson
Sarah A. O'Brien
200 Delaware Ave., Suite 1200
Buffalo, NY 14202
cvonsimson@barclaydamon.com
sobrien@barclaydamon.com
(716) 858-3865

*Attorneys for Plaintiff Lace & Day, Inc.*